# NO. 12-22-00172-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF A.L.L.,* | § | *APPEAL FROM THE* |
|  | § | *COUNTY COURT AT LAW NO. 2* |
| *A CHILD* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

S.K. appeals the termination of her parental rights. Her counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

S.K. is the mother of A.L.L. and T.L. is the child's father.[1] On April 21, 2021, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of S.K.'s and T.L.'s parental rights. The Department was appointed temporary managing conservator of A.L.L., and S.K. was allowed limited access to, and possession of, A.L.L.

The case was referred to the presiding judge of the 2nd Region Child Protection Court #2, and a bench trial was held on April 7, 2022. The evidence at trial showed that, prior to removal, S.K. used drugs while pregnant and following A.L.L.'s birth. When the Department initially intervened, S.K. took a drug test that came back positive for methamphetamine. At trial, S.K. testified that she had a drug problem and that she intended to sign an affidavit relinquishing her parental rights. The evidence also showed that S.K. did not complete the recommended outpatient treatment. S.K. admitted that she did not complete the list of court-ordered services or

---

[1] T.L. is not a party to this appeal.

comply with the drug testing requirements. After trial, S.K. executed an irrevocable affidavit voluntarily relinquishing her parental rights.

The trial court issued a letter ruling on April 12. The trial court found, by clear and convincing evidence, that S.K. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), (K), (N), and (O) of Texas Family Code Section 161.001(b). The trial court also found that termination of the parent-child relationship between S.K. and A.L.L. is in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between S.K. and A.L.L. be terminated.

On May 9, the trial court issued Findings of Fact and Conclusions of Law. S.K. filed a request for a de novo hearing. The County Court at Law #2 adopted the associate judge's report. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

S.K.'s counsel filed a brief in compliance with *Anders*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2004, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

---

[2] Counsel for S.K. certified that he provided S.K. with a copy of the brief and informed her that she had the right to file her own brief and took concrete measures to facilitate review of the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1

## DISPOSITION

We agree with S.K.'s counsel that the appeal is wholly frivolous. In ***In re P.M.***, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." ***In re P.M.***, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, counsel's obligations to S.K. have not yet been discharged. *See id.* If S.K., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief." *Id.*; *see* ***A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16099543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered September 22, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

(Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). S.K. was given the time to file her own brief, but the time for filing such brief has expired and we received no pro se brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 22, 2022**

**NO. 12-22-00172-CV**

**IN THE INTEREST OF A.L.L., A CHILD**

Appeal from the County Court at Law No. 2

of Angelina County, Texas (Tr.Ct.No. CV-00983-21-04)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*